<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHORAB SARKER,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**CITIGROUP, INC. and VIKAS PATHAK,**<br><br>      **Defendants.** | **Civil Action No. 24-8517 (JKS) (JSA)**<br><br>**REPORT AND RECOMMENDATION** |

<u>**ALLEN, U.S.M.J.**</u>

  This matter comes before the Court upon *pro se* Plaintiff Shorab Sarker's motion to remand the above-captioned action to the Superior Court of New Jersey. (ECF No. 5). Defendant Citigroup, Inc. ("Citigroup") opposes the motion. (ECF No. 9). The Honorable Jamel K. Semper, U.S.D.J. referred this motion to the Undersigned for a Report and Recommendation. No oral argument was heard, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's motion be **DENIED**.

**I.  RELEVANT BACKGROUND**

  Plaintiff originally filed this employment discrimination and retaliation action on February 29, 2024 in the Superior Court of New Jersey, Middlesex County, Civil Division against Defendants Citigroup and Vikas Pathak. (*See* Compl., ECF No. 1 at 6–18, Ex. A). As best can be gleaned from the Complaint, Plaintiff alleges that, while an employee at Citigroup, Plaintiff was retaliated against, threatened, harassed, and wrongfully terminated for objecting to "Pillu Pillalmarri, Vikas Pathak, Ravi De Silva et al.," among other things, "soliciting various FINRA

credentials [and] hoodwinking regulatory bodies…." (Compl. at ¶ 1).  Plaintiff asserts claims for violations of the New Jersey Conscientious Employee Protection Act, New Jersey Law Against Discrimination, and "Common Law." (*Id.*).

On August 16, 2024, Citigroup removed the action to this District Court.  In its Notice of Removal, Citigroup cites to diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the sole basis for asserting the Court has federal subject matter jurisdiction over this action.  (*See* Not. of Removal ¶ 14, ECF No. 1 at 1–5).  Citigroup asserts that there is complete diversity of citizenship between Plaintiff, who is a citizen of New Jersey; Citigroup, who is a Delaware corporation with a principal place of business in New York; and Pathak, who is a citizen of Texas.  (*Id.* ¶¶ 6–8; *see also* Counsel Cert. ¶¶ 3, 6, ECF No. 1 at 21–23, Ex. C).  Citigroup also contends that the Complaint seeks damages in excess of the $75,000 amount in controversy requirement set forth in 28 U.S.C. § 1332.  (*See* Not. of Removal ¶¶ 10–11).

The instant motion to remand followed.  (ECF No. 5).

## II.   MOTION TO REMAND

In support of remand, Plaintiff primarily asserts that "New Jersey-based defendants" Pillu Pillalmarri, Sandeep Naldgundwar, and Ravi De Silva destroy diversity jurisdiction.  (*Id.* at 3).  Plaintiff also asserts that his state law claims "should remain in state court . . . as these claims are not inherently federal."[1]  (*Id.*).

In opposition, Citigroup asserts that Plaintiff failed to comply with Federal Rule of Civil Procedure 10(a), by not identifying Pillalmarri, Naldgundwar, and De Silva as named defendants

---

[1] Plaintiff filed a document titled "Combined Response to Dkt.#8 Motion to Stay and Compel Arbitration, and Dkt.#9 Opposition to Motion to Remand."  (ECF No. 10).  Given Plaintiff's *pro se* status, the Court construes his arguments in further support of remand as his reply papers, and thus will consider them.  (*Id.* at 3–5; *see also id.* at 9–11).  The Court, however, will not consider any of Plaintiff's arguments in support of his opposition to Citibank's motion to compel arbitration, which is pending before District Judge Semper.

in the caption of the Complaint or sufficiently within the body of the Complaint. (ECF No. 9 at 2–4). Thus, according to Citigroup, these individuals do not destroy complete diversity. Accordingly, removal based on diversity jurisdiction was proper. (*Id.* at 3–4). On reply, Plaintiff reiterates that Pillamarri, Naldgundwar, and De Silva's "presence in New Jersey destroys diversity jurisdiction" and that "state law[] mak[es] state court the appropriate forum."[2] (ECF No. 10 at 4).

Plaintiff also filed what is labeled as a "Motion To Remand." (ECF No. 11). Based on this Court's review of the submission, it appears essentially to be a sur-reply, which reiterates some prior arguments and raises new ones in support of remand. (*See generally id.*). Additionally, as best can be gleaned, it appears Plaintiff may be seeking to amend his complaint. (*Id.* at 6 ("This amended motion introduces Pillu Pillalmarri, a New Jersey resident, as a defendant, alongside Sandeep Naldgundwar, and Ravi De Silva, who are implicated in the unauthorized access and misuse SAP Ariba systems. The inclusion of Pillu Pillalmarri, a resident of New Jersey, disrupts complete diversity, thereby defeating federal jurisdiction under 28 U.S.C. § 1332.")).[3]

---

[2] Citigroup undisputedly removed the action based solely on diversity jurisdiction. (N/R at 2, ECF No.1). Plaintiff seeks to remand based on lack of complete diversity pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiff's contention that his state law claims somehow warrant remand, (ECF No. 5 at 2), is not relevant to the Court's analysis about whether diversity jurisdiction exists.

[3] The Court declines to consider this additional submission, (ECF No. 11), as part of Plaintiff's motion to remand for three reasons. First, a sur-reply may not be filed without leave of the Court, pursuant to Local Civil Rule 7.1(d)(6). *See Palumbo v. U.S. Bank*, 2022 U.S. Dist. LEXIS 150561 (D.N.J. Aug. 22, 2022). Plaintiff did not seek permission before filing what the Court construes as sur-reply. The Court exercises its discretion to deny considering Plaintiff's sur-reply, which Plaintiff failed to seek prior leave to file and also improperly raise new arguments. *See Robbins v. Playhouse Lounge*, 2021 U.S. Dist. LEXIS 114883 (D.N.J. 21, 2021) (in denying motion to file sur-reply, court found plaintif "failed to put forth any persuasive reason why she should be permitted to file a sur-reply simply because she wishes another opportunity to respond to Defendant's arguments."); *Smithkline Beecham PLC v. Teva Pharms. USA, Inc.*, Nos. 04-0215, 05-0536, 2007 WL 1827208, at *2 (D.N.J. June 22, 2007) ("[N]ew arguments cannot be raised by the non-movant in a sur-reply because the moving party does not have an opportunity to respond to newly minted arguments raised in a sur-reply."). Second, to the extent Plaintiff is seeking leave to move to amend his complaint, his submission does not include a proposed amended complaint consistent with Federal Rule of Civil Procedure 15(a) and Local Civil Rule 15.1. Finally, as Plaintiff appears to seek to join three purportedly non-diverse defendants, (i.e., Pillamarri, Naldgundwar, and De Silva), he has not addressed the standard governing such applications as required by 28 U.S.C. § 1447(e). *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)).

3

### III.  ANALYSIS

####   A.  Legal Standard

The federal removal statute states that, except as otherwise provided by federal statute, a defendant may remove a civil action filed in state court to a district court having original jurisdiction over the action.  28 U.S.C. § 1441(a).  Once removed, a district court may remand the action under 28 U.S.C. § 1447(c) if the Court lacks subject matter jurisdiction.  *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013).  In light of the Court's limited jurisdiction, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).  "Courts are required to strictly construe 28 U.S.C. § 1441 against removal and rigorously enforce this policy 'so that the Congressional intent to restrict federal diversity jurisdiction is honored.'"  *Giovanni v. Mentor Worldwide, LLC*, 2012 U.S. Dist. LEXIS 166912, at *3 (D.N.J. Nov. 21, 2012) (quoting *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."  *Samuel-Bassett*, 357 F.3d at 396; *Burga v. Unifirst Corp.*, 2020 U.S. Dist. LEXIS 249473, at *4 (D.N.J. Dec. 3, 2020) ("The removing defendants bear the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal otherwise was proper."), *report and recommendation adopted by* 2021 U.S. Dist. LEXIS 21265 (D.N.J. Feb. 4, 2021).  Here, as the removing party, Citigroup "bear[s] the burden of establishing that the removal[] w[as] proper."  *Sandoval v. LifeCell Corp.*, 2021 U.S. Dist. LEXIS 250607, *4 (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)).

### B.     Subject Matter Jurisdiction

The parties dispute whether the District Court has subject matter jurisdiction over this case. Accordingly, as a threshold matter, the Undersigned must determine whether there is proper jurisdiction over this action. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). As detailed below, the Court finds subject matter jurisdiction exists based on diversity jurisdiction.

Diversity jurisdiction is governed by 28 U.S.C. § 1332(a)(1). The statute provides that a district court has original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 419.

The Court notes there is no dispute that the amount in controversy exceeds $75,000. (*See* Not. of Removal ¶¶ 10–11 & Counsel Cert. ¶ 5). Plaintiff seeks damages for lost wages and physical and emotional injuries, including, *inter alia*, heart attacks, ongoing surgery, and severe anxiety and depression. (Compl. at ¶ 3). In support of remand, Plaintiff does not challenge Citigroup's assertion that the Complaint seeks damages in excess of the amount in controversy requirement. Rather, diversity jurisdiction turns on whether there is complete diversity between Plaintiff and all named Defendants. Specifically, the parties dispute whether Pillalmarri, Naldgundwar, and De Silva are properly named defendants in this action. As set forth in more detail below, the Court finds they are not, and thus complete diversity exists between Plaintiff and all named Defendants – Citigroup and Pathak.

As previously noted, Plaintiff originally filed this action in state court. In his Complaint, Plaintiff lists "Citibank/Vikas Pathak et. al" as named defendants in the caption without more. (Compl. at ¶ 1). For complaints filed in state court, New Jersey Court Rule 1:4-1 provides that "[i]n a complaint in a civil action, the title of the action shall include the names of all the parties." N.J. Ct. R. 1:4-1(a).

Thereafter, Citigroup removed the case. As with Rule 1:4-1(a), Federal Rule of Civil Procedure 10 requires that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The purpose of this requirement is "to provide clear notice to recipients of the complaint of their role, if any, in the action." *Thompson v. Kramer*, 1994 WL 702927, at *11 (E.D. Pa. Dec. 13, 1994) (citation omitted); *In re Morrison*, 375 B.R. 179, 193 (Bankr. W.D. Pa. 2007) ("The obvious purpose for this requirement is to apprise the parties of the identities of their opponents.") (citation omitted). The caption of the complaint must indicate plainly "all parties against whom [he] seeks to proceed,' and the '[p]utative defendants should not be required to speculate as to whether or not they are parties to a lawsuit.'" *Akhenaten v. New Jersey Transit Rail Operations & Mercer Cnty.*, 2008 WL 577227, at *2 (D.N.J. Feb. 29, 2008) (internal citation omitted).

Courts in this Circuit have held that parties who are not named in the complaint's case caption, without more, are not parties to the action. *See, e.g.*, *Akhenaten*, 2008 WL 577227, at *2 (noting plaintiff "failed to meet the 'minimal requirement'" of listing all defendants in the case caption) (citation omitted); *Donnelly v. Richly*, 1993 WL 46671, at *6 (E.D. Pa. Feb. 25, 1993) (noting "[e]ach individual who plaintiff wishes to be a defendant must be named in the caption of the complaint"). Even "[t]he designation of 'et al' in a complaint's caption, without an identification of the proper parties in the body of the complaint, does not satisfy the Rule 10(a) identification requirement." *Allen v. Nat'l R.R. Passenger Corp.*, 2004 WL 2830629, at *3 (E.D.

Pa. Dec. 7, 2004) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991)); *Johnson v. Garman*, 2018 WL 1203365, at *2 (M.D. Pa. Mar. 8, 2018) (similar); *Walker v. Walsh*, 2012 WL 1569629, at *3 (M.D. Pa. May 3, 2012) (finding plaintiff failed to identify two purported defendants in the complaint's case caption or in any of his allegations).

Here, as previously noted, Plaintiff did not properly identify and designate Pillalmarri, Naldgundwar, and De Silva as defendants in the caption of the Complaint as required by either New Jersey Court Rule 1:4-1 before removal or Rule 10(a) post removal. Further, this Court's review of the Complaint confirms that while Plaintiff generally references Pillalmarri and De Silva therein, Plaintiff fails to allege any wrongdoing by them or the basis of any legal claims against them. (Compl. ¶ 1). As to Nalgundwar, he is not mentioned in the Complaint at all. (*Id.*).

Having found that Pillalmarri, Naldgundwar, or De Silva are not defendants to the action, the Court concludes that these parties are not properly considered for purposes of determining diversity jurisdiction. And thus, these three individuals, whether they are citizens of New Jersey or not, do not destroy complete diversity between Plaintiff and all properly named defendants.

Other courts presented with similar circumstances and arguments on a motion to remand have reached similar conclusions. For example, in *Curtis v. BCI Coca-Cola Enterprises Bottling Companies*, the plaintiff, as here, moved to remand his employment discrimination action, asserting that the citizenship of a non-diverse individual identified in the body of his complaint destroyed diversity for purposes of jurisdiction. 2015 WL 251765, at *4 (E.D. Cal. Jan. 20, 2015), *report and recommendation adopted*, 2015 WL 711009 (E.D. Cal. Feb. 18, 2015). The plaintiff argued that his "allegations of wrongdoing against [the individual]," even if she was not named in the complaint's case caption, demonstrated that he did not "'intend[] to abandon his action against her.'" *Id.* The court in *Curtis* rejected this argument and found that, pursuant to Federal Rule of

7

Civil Procedure 10(a), the non-diverse individual was not named in the complaint's case caption and therefore "was not identified as a defendant." *Id.* Accordingly, the court in *Curtis* found the individual's non-diverse citizenship could not destroy diversity and thus denied the plaintiff's motion to remand. *Id. See also, e.g.*, *Cooper v. Trustees of Coll. of Holy Cross*, 2014 WL 2738545, at *7 (S.D.N.Y. June 17, 2014) (citizenship of individual trustees not listed in case caption, despite "single mention" in the body of the complaint, did not matter for purposes of diversity jurisdiction); *Richardson v. Union Pub. Safety Dep't Police*, 2011 WL 2193330, at *5 (D.S.C. May 13, 2011) (removing defendant was not required to obtain consent of individuals not listed as defendants in the complaint's case caption or civil cover sheet), *report and recommendation adopted*, 2011 WL 2198291 (D.S.C. June 6, 2011).

Accordingly, based on the record presented, the Court finds that Citigroup has met its burden of establishing that this Court has subject matter jurisdiction based on diversity. The Court, therefore, respectfully recommends that Plaintiff's motion to remand to the Superior Court of New Jersey be denied.

### IV.   CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand, (ECF No. 5), be **DENIED**. The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation to the Honorable Jamel K. Semper, U.S.D.J., within fourteen (14) days after service of a copy thereof.

/s/ Jessica S. Allen
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

Dated:  January 7, 2024
cc:     Hon. Jamel K. Semper, U.S.D.J.

8