<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHORAB SARKER,<br><br>*Plaintiff*,<br><br>v.<br><br>CITIGROUP, INC.,<br><br>*Defendant*. | Civil Action No. 24-8517<br><br>**OPINION**<br><br>February 4, 2026 |

**SEMPER**, District Judge.

This matter comes before the Court on the August 5, 2025 Order to Show Cause issued to *pro se* Plaintiff Shorab Sarker ("Plaintiff"). (ECF 47.) The Order to Show Cause directed Plaintiff to show cause, no later than August 26, 2025, why his claims against Defendant Citigroup, Inc. ("Defendant" or "Citigroup") should not be dismissed with prejudice for failure to prosecute and failure to comply with this Court's order entered on February 10, 2025. (*See* ECF 24.) To date, Plaintiff has failed to show cause as ordered. For the reasons set forth below, and for good cause shown, Plaintiff's claims against Citigroup are dismissed with prejudice for failure to prosecute and comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

**I.     RELEVANT BACKGROUND**

The Court recites only the relevant facts and procedural history. On August 16, 2024, Plaintiff filed his Complaint against Citigroup alleging violations of the New Jersey Conscientious Employee Protection Act ("CEPA") (N.J. Stat. Ann. § 34:19-1), New Jersey Law Against Discrimination ("NJLAD") (NJ Rev. Stat. § 10:5-12), and "Common Law." (ECF 1, Ex. A, "Compl." ¶ 1.) Plaintiff alleged that Citigroup employees threatened, harassed, and retaliated

against him for internally reporting misconduct of other employees. (*Id.*) On August 16, 2024, Defendant removed the action to this Court. (ECF 1.) On August 28, 2024, Defendant filed a motion to compel arbitration of Plaintiff's claims and stay the proceedings. (ECF 8.)

On February 10, 2025, this Court granted Defendant's motion to compel arbitration and ordered Plaintiff to take the appropriate steps to initiate binding arbitration before the American Arbitration Association ("AAA"). (ECF 24.) On June 4, 2025, this Court once again ordered Plaintiff to submit a demand for arbitration within the next thirty days. (ECF 29.) Plaintiff did not comply with either of this Court's orders. Instead, Plaintiff made several frivolous filings accusing Defendant of misconduct for Defendant's attempts to provide status updates to this Court and comply with its orders. (ECF 25, 30, 32, 33, 34, 36, 38.) These filings included baseless allegations of misconduct as well as unfounded ethical complaints against Defendant. (*See* ECF 47.)

On May 9, 2025, at this Court's request, Defendant submitted a status letter advising that Plaintiff had failed to institute AAA arbitration and that the matter had not progressed. (ECF 26.) Defendant advised this Court of Plaintiff's "inflammatory and false allegations" of misconduct against Defendant's counsel for attempting to follow this Court's orders and submit to arbitration. (*Id*.) As a result, on August 5, 2025, this Court issued the Order to Show Cause, directing Plaintiff to show cause in writing, on or before August 26, 2025, why his claims against Citigroup should not be dismissed with prejudice for failure to comply with Court orders. (ECF 47.) The Order to Show Cause specifically advised that Plaintiff's failure to "submit a competent demand for arbitration against Citigroup before the AAA" or "show cause in writing why his claims against Citigroup should not be dismissed with prejudice" would result in this Court dismissing his claims with prejudice. (*Id.* at 2.)

2

To date, Plaintiff has failed to submit a demand to arbitrate and failed to respond in good faith to this Court's Order to Show Cause. Rather, on August 15, 2025, Plaintiff filed a document titled "NOTICE OF COMPLIANCE WITH COURT ORDER – Limited Appearance Under Protest - Structural Incapacity of AAA to Hear Case" on the docket. (ECF 52.) This notice contained an email that Plaintiff sent to AAA "respectfully request[ing] that AAA **decline to administer** this matter and defer jurisdiction to the U.S. District Court[.]" (*Id.* at 6) (emphasis in original.) After the Court's August 26, 2025 deadline expired, on September 1, 2025, Plaintiff sent an untimely and deficient demand for arbitration form, which *still* objected to arbitration. (ECF 53.) Plaintiff continues to submit protests to arbitration and demonstrably false complaints against Citigroup for its counsel's attempts to follow this Court's orders. (ECF 48, 49, 50, 53, 54, 60, 61, 63, 70, 71, 72.)

## II.     LEGAL STANDARD

Dismissal of an action or a claim may be appropriate for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). In determining whether to dismiss an action under Rule 41(b), a court "should consider six factors" enunciated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting Poulis, 747 F.2d at 868). "None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Id*. (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). The Third Circuit has approved dismissal of a complaint for

3

failure to prosecute when plaintiff fails to comply with an order directing a party to arbitrate a claim. *See R & C Oilfield Services LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022). Judge Salas recently dismissed a plaintiff's complaint with prejudice for failure to comply with the court's order to arbitrate. *See, e.g.*, *Mathieu v. Citibank, N.A.*, No. 22-4871, 2025 WL 1666725, at *1 (D.N.J. June 12, 2025).

### III. DISCUSSION

While the Court recognizes the significance of dismissing Plaintiff's claims against Citigroup with prejudice, such dismissal is warranted upon consideration and balancing of the *Poulis* factors.

#### A. The Extent of Plaintiff's Personal Responsibility

In considering this first factor, courts "look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994); *see also Vittas v. Brooks Bros. Inc.*, 2017 WL 6316633, at *2, 2017 U.S. Dist. LEXIS 203123, at *5 (D.N.J. Dec. 11, 2017) ("The first *Poulis* factor . . . is a question of whether the party herself has caused a delay as opposed to whether counsel for the party is responsible.") (citations omitted).

Here, Plaintiff, who is proceeding *pro se*, has failed to comply with the Court's orders to arbitrate as well as the Court's Order to Show Cause, which directed Plaintiff to show cause why his claims should not be dismissed under Rule 41 for failure to prosecute or comply. (ECF 47.) Instead, Plaintiff filed an August 15, 2025 email he sent to AAA "respectfully request[ing] that AAA **decline to administer** this matter and defer jurisdiction to the U.S. District Court[.]" (ECF 52 at 6) (emphasis in original). Then, after the August 26, 2026 deadline expired, Plaintiff sent an untimely and deficient demand for arbitration, which still objected to arbitration and failed to meet

4

any of the requirements set forth by Citigroup's Arbitration Policy. (*See* ECF 53 at 31.) As a *pro se* litigant, Plaintiff bears sole responsibility for the effective prosecution of his complaint and his compliance with Court orders. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). The fact that Plaintiff, by his own refusal to arbitrate, has brought this action to a virtual standstill suggests that Plaintiff does not intend to continue litigating his original retaliation and discrimination claims against Citigroup, and has instead chosen to abandon them. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### B. Prejudice to Defendant

With respect to this second factor, the Court finds that Plaintiff's failure to comply with the Order to Show Cause has prejudiced Citigroup by halting the progress of this action. Plaintiff commenced this action in 2024. Further, he was obligated to commence AAA arbitration against Citigroup by orders of this Court dated February 10, June 4, and August 5, 2025. Yet, Plaintiff has failed for nearly one year to properly initiate arbitration against Citigroup. Because this delay has prevented this case from proceeding, Defendant has been prejudiced. Citigroup has paid its share of AAA's administrative filing fees while this action is pending and received a 90-day extension from AAA while awaiting Plaintiff's compliance with this Court's Order to Show Cause. (*See* ECF 69.) The second *Poulis* factor, therefore, also weighs in favor of dismissal.

### C. History of Dilatoriness

"'[E]xtensive' delay can create a history of dilatoriness." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 874). "[F]ailure to prosecute under . . . Rule 41(b) does not mean that the plaintiff must have taken any positive steps to delay the trial . . . It is quite sufficient if [Plaintiff] does nothing[.]" *Id*. (quoting *Adams*, 29 F.3d at 875) (internal quotation marks and citation omitted). Here, Plaintiff was ordered to arbitrate his claims against Citigroup in February 2025.

5

(ECF 24.) He has failed to do so. Since that time, Plaintiff has failed to comply with the Court's subsequent orders dated June 4, 2025 and August 5, 2025. (ECF 29, 47.) Under the standard set forth in *Hildebrand* and *Poulis*, Plaintiff has demonstrated a history of dilatoriness by failing to respond to this Court's orders, which weighs in favor of dismissal.

### D. Willful or Bad Faith Conduct

Under this fourth factor, the Court "must consider whether [Plaintiffs'] conduct was 'the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). "'[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, at the very least, renders a party's actions willful[.]'" *Yancey v. Wal-Mart Corp.*, No. 15-6646, 2022 WL 972489, at *10, 2022 (D.N.J. Jan. 31, 2022) (citation omitted). Plaintiff's "consistent failure to obey orders of the court" is exacerbated by the countless frivolous filings he made in the face of this Court's specific orders to arbitrate. *See id.* (finding the plaintiff's failure to reasonably interact with the defendant and court was "willful delay"). Plaintiff's refusal to comply while continuing to file objections and motions for sanctions indicates that his conduct is at minimum willful and at maximum bad faith. Accordingly, the fourth *Poulis* factor weighs in favor of dismissal.

### E. Effectiveness of Alternative Sanctions

While mindful that "'[d]ismissal must be a sanction of last, not first, resort,'" *Adams*, 29 F.3d at 878 (quoting *Poulis*, 747 F.2d at 869), Plaintiff's non-compliance with the February 10, June 4, and August 5, 2025 orders reflect that alternative sanctions would be ineffective and futile. *See Tyshon Bey, LLC v. Portfolio Recovery Assocs., LLC*, No. 23-2310, 2023 WL 7001588, at *3 (D.N.J. Aug. 28, 2023) ("[T]here is no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur Plaintiff to resume actively litigating this case."), *report and*

6

*recommendation adopted*, 2023 WL 7000835 (D.N.J. Sept. 18, 2023). Plaintiff has consistently defied this Court's orders. When directed to comply with this Court's order to arbitrate, Plaintiff instead challenged the authority of the AAA to oversee arbitration and objected to his non-preferred outcome of arbitration. His representations to the Court over the past year have demonstrated a belief that he is not bound by its opinions or orders. Therefore, any action other than dismissal would be futile because it would likely be ignored or unaccepted. The fifth *Poulis* factor weighs in favor of dismissal.

### F. Meritoriousness of Plaintiff's Claims

"'A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.'" *Hildebrand*, 923 F.3d at 137 (quoting *Poulis*, 747 F.2d at 869–70). Here, "the Court is not able to determine the merit of Plaintiff's claims against Citi[group], which are subject to binding arbitration." *Mathieu v. Citibank, N.A.*, No. 22-4871, 2025 WL 1666803, at *4 (D.N.J. May 15, 2025), *report and recommendation adopted*, 2025 WL 1666725 (D.N.J. June 12, 2025). Thus, this sixth Poulis factor is inapplicable.

Because the applicable *Poulis* factors weigh strongly in favor of dismissal, the Court is satisfied that dismissal of Plaintiff's claims against Citigroup is the appropriate remedy.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. An appropriate Order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Jessica S. Allen, U.S.M.J.
Parties